By the Court.—Speir, J.
This case comes before us for reargument in pursuance of an order made by the general term of this court, November 4, 1878.
Upon the trial it appeared that the notes in suit were made by the firm of J. M. Falconer & Co., to the order of Manning, Bowman & Co., who especially indorsed them to the plaintiff and directed payment to his order.
The defendant John M. Falconer offered to prove that the payees named in the notes, Manning, Bowman & Co., were the real owners thereof, and that the plaint *384 iff held them merely as their agent and for the purpose of collecting and remitting the proceeds. The evidence was excluded, and the defendant excepted.
The appellant’s motion for a reargument was granted by the general term before whom the case was argued, chiefly on the ground that the case of Hays v. Southgate (10 Hun, 511), had been reversed by the court of appeals, upon which it was claimed the court relied, and also in view of the later decision of Taylor v. Sargent, reported in 6 Weekly Digest.
We see no ground for the reversal. The whole case was properly disposed of by the trial judge, and the review and decision of the general term must stand.
The question upon which the reargument was ordered, related to the plaintiff’s title, whether he was the real party in interest. A plaintiff is the real party in interest under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand. It is not disputed but that the notes were made by John M. Falconer & Co., to the order of Manning, Bowman & Co., who especially indorsed them to the plaintiff. No question was made that they were not delivered to the plaintiff for the purpose of collection. It is not necessary there should be any consideration for the indorsement; the assignors could give the demand to the plaintiff, or sell it to him for a merely nominal consideration, or without any consideration. It is enough that if the plaintiff has the legal title to the demand, the defendant is protected by a payment to and a recovery by the assignee. The questions raised b'y the decision of the court of appeals reversing Hays v. Hathorn, are not presented here. The issue there was that the note was not the property of the plaintiff, for the reason that it had never been transferred to him—that he had no title, legal or equitable, to the note, and no right as owner to the possession. The *385 possession here was lawful, for the transfer was made by the assignors for the express purpose of collecting the amount due upon the note.
The judgment and order must be affirmed with costs.
Freedman, J., concurred.